BRAD D. BRIAN (State Bar No. 79001)
brad.brian@mto.com
BETHANY W. KRISTOVICH (State Bar No. 241891)
bethany.kristovich@mto.com
ANNE K. CONLEY (State Bar No. 307952)
Anne.Conley@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
Telephone:	(213) 683-9100
Facsimile:	(213) 687-3702

*Attorneys for Plaintiff MICHAEL Z. HERMALYN*

Michael B. Carlinsky (*pro hac vice forthcoming*)
michaelcarlinsky@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Ave, 22nd Floor
New York, New York 10010
Telephone:	(212) 849-7000
Facsimile:	(212) 849-7100

David C. Armillei (SBN 284267)
davidarmillei@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:	(213) 443-3000
Facsimile:	(213) 443-3100

*Attorneys for Plaintiff FVP, LLC*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| Michael Z. Hermalyn and FVP, LLC,<br><br>   Plaintiffs,<br><br>   vs.<br><br>DraftKings, Inc.,<br><br>   Defendant. | Case No. 2:24-cv-00918<br><br>**PLAINTIFFS'** ***EX PARTE*** **APPLICATION FOR ORDER SHORTENING TIME FOR HEARING ON PLAINTIFFS' MOTION TO REMAND**<br><br>[*Filed concurrently with Kristovich Declaration; [Proposed] Order*]<br><br>Date:	February 5, 2024<br>Time:	9:00 a.m.<br>Judge:	Hon. Mark C. Scarsi<br>Courtroom:	7C<br>Trial Date:	None Set |

**TO THE COURT, ALL PARTIES, AND ALL ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Plaintiffs MICHAEL Z. HERMALYN and FVP, LLC (collectively, "Plaintiffs") hereby apply *ex parte* for an Order Shortening Time for a hearing on their Motion to Remand this action to California Superior Court, and respectfully request that their Motion to Remand be heard by this Court on **Monday, February 5, 2024, at 9:00 a.m.**

This Application is based on the Application itself; the attached Memorandum of Points and Authorities in support thereof; the Declaration of Bethany W. Kristovich; all papers and pleadings on file herein; and such further evidence and argument as may be presented to the Court.

Pursuant to Local Rule 7-19, Plaintiff's counsel gave DraftKings notice of this *Ex Parte* Application on February 2, 2024, at 11:58 a.m., and requested that DraftKings advise whether and on what basis it would oppose the requested relief. *See* Declaration of Bethany W. Kristovich ("Kristovich Decl.") ¶¶ 2-3 & Ex. A. Plaintiff's counsel attempted to contact DraftKings' counsel by email and telephone. *Id.* ¶ 3. DraftKings has not stated its position with respect to the relief sought.

The names, addresses, telephone numbers, and email addresses of DraftKings' counsel are as follows:

- Gibson, Dunn & Crutcher LLP, 333 S. Grand Ave., Los Angeles, CA 90071
- Katherine V.A. Smith - ksmith@gibsondunn.com; 213-229-7107
- James P. Fogelman - jfogelman@gibsondunn.com; 213-229-7234
- Orin Snyder – osnyder@gibsondunn.com; 917-238-3977

DATED: February 2, 2024　　　　　MUNGER, TOLLES & OLSON LLP

By: 　*/s/ Brad D. Brian*
　　　BRAD D. BRIAN
　　　*Attorneys for Plaintiff*
　　　MICHAEL Z. HERMALYN

## MEMORANDUM OF POINT AND AUTHORITIES

The hearing of this motion on shortened time is necessary because Defendant DraftKings, Inc.'s ("DraftKings") improper removal—filed in the face of Mr. Hermalyn's efforts to seek a temporary restraining order ("TRO") in state court—is designed to (i) avoid recent, governing California state law that renders unenforceable the restrictive covenants and foreign law/forum provisions at issue; and (ii) buy DraftKings time to seek a TRO in Massachusetts to enforce these void contractual provisions against a California resident and employee in violation of California law.  DraftKings should not be permitted to utilize an improper removal to deprive the California state courts of its jurisdiction, stall Plaintiffs' first-filed California proceedings, gain strategic advantage in DraftKings' anticipated Massachusetts proceedings, and ultimately prevent Mr. Hermalyn from pursuing employment that is protected by California law.

Mr. Hermalyn recently left DraftKings and moved to California to accept an offer of employment with Plaintiff FVP, LLC ("Fanatics VIP"), a California-based affiliate of the digital sports platform Fanatics Holdings, Inc. (together with its subsidiaries and affiliates, including Fanatics VIP, "Fanatics").  ECF No. 1-5 (Hermalyn Decl.) ¶¶ 2-4.  As the President of Fanatics VIP and the Head of Fanatics' Los Angeles, California office, Mr. Hermalyn lives and works in Los Angeles, where Fanatics already employs approximately 80 individuals.  *Id.* ¶¶ 5-7.

While Mr. Hermalyn was employed with DraftKings, he lived in New Jersey and worked remotely or in DraftKings' New York office. *Id.* ¶¶ 8-9.  DraftKings presented Mr. Hermalyn with several contracts containing broad, onerous one-year post-termination non-compete, employee non-solicitation, and client non-solicitation provisions as a condition of his employment.  *Id.* ¶¶ 12-16 & Exs. A & B.  Although Mr. Hermalyn never lived or worked in Massachusetts, those agreements purport to be governed by Massachusetts law and to require certain litigation in Massachusetts.  *Id.*

The California Legislature, with the passage of legislation, made clear that it would preclude enforcement of restrictive covenants against its residents regardless of such forum clauses or where and when the contract was signed.  Bus. & Prof. Code § 16600.5.  Specifically, California's recently enacted law (effective January 1, 2024) grants California residents a private right of action to enjoin enforcement of restrictive covenants, ***even if signed outside of California while working for a non-California employer.***  The legislative history demonstrates that the new law was intended to encourage individuals to move to California and to give them the right to sue both: (a) to invalidate restrictive covenants; and (b) to enjoin the former employer from suing outside California to enforce such covenants.

As a California resident and employee, Mr. Hermalyn availed himself of this new express protection, filing suit yesterday in California state court, together with Fanatics VIP, claims for declaratory judgment, violation of Section 16600.5, and unfair competition.  ECF No. 1-3 (Complaint).  Mr. Hermalyn also sought a TRO to enjoin DraftKings from seeking to enforce the illegal restraints on trade by suing in Massachusetts.  ECF No. 1-4 (Ex Parte Application for TRO).  Mere hours before that TRO could be heard today, DraftKings rushed to remove to this court on the purported basis of diversity jurisdiction.  ECF No. 1 (Notice of Removal).  But DraftKings' hasty removal is baseless.  Because one of the two plaintiffs, Fanatics VIP, has a Nevada corporation as its sole member, there is no diversity between Plaintiffs and DraftKings, which is also incorporated in Nevada.  Absent complete diversity between the parties, this Court does not have jurisdiction, as set forth more fully in the concurrently-filed Motion to Remand.

DraftKings' improper actions are interfering with Mr. Hermalyn's rights under California law to pursue his chosen profession in California and Fanatics VIP's ability to expand and innovate its California operations. Because DraftKings apparently intends to file suit in Massachusetts imminently in an attempt to subvert clear California law and undercut a perceived competitor, Plaintiffs need their

remand motion to be heard on an expedited basis so that Mr. Hermalyn can pursue his TRO in California state court. On that basis, Plaintiffs respectfully request that the Court expedite their concurrently-filed motion to remand to be heard on **Monday, February 5, 2024.**

Policing vexatious removal *swiftly* is needed to dissuade abuse of the removal process, especially when removals are effectuated only to inject delay. *See, e.g., U.S. Bank, Nat'l Ass'n as Tr. for Truman 2016 SC6 Title Tr. v. Bonde*, No. 19-CV-08464-JCS, 2020 WL 536024, at *1 (N.D. Cal. Jan. 9, 2020), *report and recommendation adopted*, No. 19-CV-08464-PJH, 2020 WL 533019 (N.D. Cal. Feb. 3, 2020) (*sua sponte* remanding case because removal was improper). Courts "have recognized that *ex parte* applications are appropriate where, among other circumstances, there is a threat of immediate or irreparable injury, and have granted such applications to remand where subject matter jurisdiction is lacking." *Ballard v. Ameron Int'l Corp.*, No. 16-CV-06074-JSC, 2016 WL 6216194, at *2 (N.D. Cal. Oct. 25, 2016) (granting *ex parte* application to hear request for remand on an expedited basis).

Accordingly, courts have routinely granted plaintiffs' *ex parte* applications to remand where removal was improper, as is the case here. *See, e.g.*, *Colfin A1–CA4 LLC v. Clark,* No. EDCV 13–1162–CAS (SPx), 2013 WL 3967656, *1–2 (C.D. Cal. Aug. 1, 2013) (granting plaintiff's *ex parte* application to remand to state court because defendant's removal was untimely and the court lacked subject matter jurisdiction); *Fed. Nat'l Mortg. Ass'n v. Bravo,* No. CV 12–10375–CAS–(Ex), 2013 WL 210198, *1 (C.D. Cal. Jan. 17, 2013) (granting plaintiff's *ex parte* application to remand to state court because the court lacked subject matter jurisdiction); *U.S. Bank Nat'l Ass'n v. Gutierrez Hernandez,* No. SACV 10–01508–CJC (MLGx), 2010 WL 4054451, *2 (C.D. Cal. Oct. 14, 2010) (same); *No Doubt v. Activision Publ'g, Inc.*, 702 F. Supp. 2d 1139, 1147 (C.D. Cal. 2010) (granting plaintiff's *ex parte* application to remand to state court because claims not preempted by federal

law); *Rafiqzada v. U.S. Bank Nat'l Ass'n*, No. C 02-3316 SI, 2002 WL 31430319, at *1 (N.D. Cal. Oct. 29, 2002) (granting plaintiff's *ex parte* application to remand to state court because defendant's removal was untimely); *Wilson v. Asbestos Defendants (BHC)*, No C 01-1015 CRB, 2001 WL 348975, at *1 (N.D. Cal. Mar. 29, 2001) (granting plaintiff's *ex parte* application to remand based on lack of diversity).

DATED: February 2, 2024

Respectfully submitted,

MUNGER, TOLLES & OLSON LLP

By:    */s/ Brad D. Brian*
      BRAD D. BRIAN
      BETHANY W. KRISTOVICH
      ANNE K. CONLEY
      *Attorneys for Plaintiff*
      MICHAEL Z. HERMALYN

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By:    */s/ Michael B. Carlinsky*
      MICHAEL B. CARLINSKY[1]
      DAVID C. ARMILLEI
      *Attorneys for Plaintiff*
      FVP, LLC

---

[1] Signed electronically by Brad D. Brian with the concurrence of Michael B. Carlinsky, pursuant to L.R. 5-1(i)(3).

## Local Rule 11-6.1 Certificate of Compliance

The undersigned, counsel of record for Michael Z. Hermalyn, certifies that this brief contains 1,043 words, which complies with the word limit of L.R. 11-6.1.

DATED: February 2, 2024     MUNGER, TOLLES & OLSON LLP

By: */s/ Brad D. Brian*
BRAD D. BRIAN
*Attorneys for Plaintiff*
MICHAEL Z. HERMALYN