1  BRAD D. BRIAN (SBN 79001)
   brad.brian@mto.com
2  BETHANY W. KRISTOVICH (SBN 241891)
   bethany.kristovich@mto.com
3  ANNE K. CONLEY (SBN 307952)
   anne.conley@mto.com
4  MUNGER, TOLLES & OLSON LLP
   350 South Grand Avenue, Fiftieth Floor
5  Los Angeles, California 90071-3426
   Telephone:  (213) 683-9100
6  Facsimile:   (213) 687-3702

7  *Attorneys for Plaintiff*
   *MICHAEL Z. HERMALYN*
8
   Michael B. Carlinsky (*pro hac vice forthcoming*)
9  michaelcarlinsky@quinnemanuel.com
   QUINN EMANUEL URQUHART & SULLIVAN, LLP
10 51 Madison Ave, 22nd Floor
   New York, New York 10010
11 Telephone:  (212) 849-7000
   Facsimile:   (212) 849-7100
12
   David C. Armillei (SBN 284267)
13 davidarmillei@quinnemanuel.com
   QUINN EMANUEL URQUHART & SULLIVAN, LLP
14 865 South Figueroa Street, 10th Floor
   Los Angeles, California 90017-2543
15 Telephone:  (213) 443-3000
   Facsimile:   (213) 443-3100
16
   *Attorneys for Plaintiff*
17 *FVP, LLC*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| Michael Z. Hermalyn and FVP, LLC,<br><br>    Plaintiffs,<br><br>    vs.<br><br>DraftKings, Inc.,<br><br>    Defendant. | Case No. 2:24-cv-00918<br><br>**PLAINTIFFS' NOTICE OF MOTION, MOTION TO REMAND, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>[*Filed concurrently with Winiarski Decl.; [Proposed] Order*]<br>Date:        March 4, 2024[1]<br>Time:        9:00 a.m.<br>Judge:       Hon. Mark C. Scarsi<br>Courtroom:   7C<br>Trial Date:  None Set |

---

[1] Requested to be advanced to February 5, 2024, at 9:00 a.m. in this same Court in Plaintiffs' currently filed Ex Parte Application to Shorten Time.

MOTION TO REMAND

**TO THE COURT, ALL PARTIES, AND ALL ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on March 4, 2024, at 9:00 a.m., or February 5, 2024, at 9:00 a.m. as requested in Plaintiffs' concurrently filed Ex Parte Application to Shorten Time, or as soon thereafter as counsel may be heard, in Courtroom 7C of the above-entitled court, located at 350 W. 1st Street, 7th Floor, Los Angeles, California 90012, the Honorable Mark C. Scarsi presiding, Plaintiffs Michael Z. Hermalyn and FVP, LLC ("Fanatics VIP") (collectively with Mr. Hermalyn, "Plaintiffs") shall move, and hereby do move, under 28 U.S.C. § 1447 for an order remanding this action to state court. This motion is timely because Defendant DraftKings, Inc. filed its notice of removal on February 1, 2024, and because there is no federal court jurisdiction and remand is mandatory, as set forth below. *See* 28 U.S.C. § 1447(c).

This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities filed herewith, the concurrently-filed Declaration of Gregg Winiarski and Proposed Order filed herewith, all pleadings and papers of record on file in this case, and such additional authority and argument as may be presented at or before the time this motion is submitted and heard.

| | | |
|---|---|---|
| 1 | DATED: February 2, 2024 | Respectfully submitted, |
| 2 | | |
| | | MUNGER, TOLLES & OLSON LLP |
| 3 | | |
| 4 | | |
| 5 | | By: ____/s/ Brad D. Brian_____ |
| 6 | | BRAD D. BRIAN |
| | | BETHANY W. KRISTOVICH |
| 7 | | ANNE K. CONLEY |
| 8 | | *Attorneys for Plaintiff* |
| | | MICHAEL Z. HERMALYN |
| 9 | | |
| 10 | | |
| | | QUINN EMANUEL URQUHART & |
| 11 | | SULLIVAN, LLP |
| 12 | | |
| | | By: ___/s/ Michael B. Carlinsky_____ |
| 13 | | MICHAEL B. CARLINSKY[2] |
| | | DAVID C. ARMILLEI |
| 14 | | |
| 15 | | *Attorneys for Plaintiff* |
| | | FVP, LLC |

---

[2] Signed electronically by Brad D. Brian with the concurrence of Michael B. Carlinsky, pursuant to L.R. 5-1(i)(3).

# **TABLE OF CONTENTS**

| | Page |
|---|---:|
| I. INTRODUCTION | 1 |
| II. STATEMENT OF FACTS | 2 |
|     A. The Nature of Plaintiffs' Claims | 2 |
|     B. Procedural History | 3 |
| III. LEGAL STANDARD | 5 |
|     A. Removal and Remand | 5 |
|     B. Federal Court Jurisdiction | 5 |
| IV. ARGUMENT | 6 |
|     A. There Is No Jurisdiction Based on Federal Claims | 6 |
|     B. There Is No Jurisdiction Based on Diversity Because DraftKings and Fanatics VIP Are Both Nevada Citizens | 7 |
|     C. Without a Basis for Jurisdiction, the Court Must Remand | 9 |
|     D. Mr. Hermalyn Is a California Citizen | 10 |
|     E. Plaintiffs Are Entitled to Their Reasonable Attorney's Fees and Costs Incurred as a Result of DraftKings' Baseless Removal | 11 |
| V. CONCLUSION | 12 |

# TABLE OF AUTHORITIES

**Page**

**FEDERAL CASES**

*Ansley v. Ameriquest Mortg. Co.*,
   340 F.3d 858 (9th Cir. 2003) ................................................................................ 11

*ARCO Env't Remediation, LLC v. Dep't of Health & Env't Quality of Mont.*,
   213 F.3d 1108 (9th Cir. 2000) ....................................................................... 2, 5, 9

*Buschman v. Anesthesia Bus. Consultants LLC*,
   42 F. Supp. 3d 1244 (N.D. Cal. 2014) .................................................................. 7

*Gaus v. Miles, Inc.*,
   980 F.2d 564 (9th Cir. 1992) ................................................................................. 5

*Hertz Corp. v. Friend*,
   559 U.S. 77 (2010) ................................................................................................ 8

*Int'l Primate Prot. League v. Admins. of Tulane Educ. Fund*,
   500 U.S. 72 (1991) ............................................................................................ 5, 9

*Johnson v. Columbia Props. Anchorage, LP*,
   437 F.3d 894 (9th Cir. 2006) ............................................................................. 2, 8

*Kanter v. Warner-Lambert Co.*,
   265 F.3d 853 (9th Cir. 2001) .......................................................................... 10, 11

*Kantor v. Wellesley Galleries, Ltd.*,
   704 F.2d 1088 (9th Cir. 1983) ............................................................................. 10

*Kary v. Combs*,
   2017 WL 6888715 (C.D. Cal., Aug. 28, 2017) .................................................... 11

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
   511 U.S. 375 (1994) .............................................................................................. 5

*Lincoln Prop. Co. v. Roche*,
   546 U.S. 81 (2005) .................................................................................... 2, 6, 8, 9

*Martin v. Franklin Capital Corp.*,
 546 U.S. 132 (2005) ...................................................................................................... 11

*Mauricio v. Suncrest Health Servs.*,
 No. 5:22-cv-02698-EJD, 2023 WL 2026530
 (N.D. Cal. Feb. 15, 2023) ............................................................................................... 9

*Morris v. Princess Cruises, Inc.*,
 236 F.3d 1061 (9th Cir. 2001) ........................................................................................ 8

*SD-3C, LLC v. Barun Elecs. Co., Ltd.*,
 No. 19-cv-01895-LHK, 2019 WL 4411977
 (N.D. Cal. Sept. 16, 2019) ........................................................................................... 7, 9

*Shamoun v. Peerless Importers, Inc.*,
 No. 03 CV 1227(NG), 2003 WL 21781954 (E.D.N.Y. Aug. 1, 2003) ................. 11

*Wagner v. Spire Vision LLC*,
 No. 13–00054 YGR, 2013 WL 941383 (N.D. Cal. Mar. 8, 2013) .................. 8, 10

**STATE CASES**

*AMN Healthcare, Inc. v. Aya Healthcare Servs., Inc.*,
 28 Cal. App. 5th 923 (2018) ........................................................................................... 4

*Application Group, Inc. v. Hunter Group, Inc.*,
 61 Cal. App. 4th 881 (1998) ........................................................................................... 6

*Dowell v. Biosense Webster, Inc.*,
 179 Cal. App. 4th 564 (2009) ......................................................................................... 4

*Edwards v. Arthur Andersen LLP*,
 44 Cal. 4th 937 (2008) .................................................................................................... 4

**FEDERAL STATUTES**

28 U.S.C. § 1331 ................................................................................................................... 5

28 U.S.C. § 1332 ........................................................................................................ *passim*

28 U.S.C. § 1441 ................................................................................................................... 5

28 U.S.C. § 1447 ............................................................................................... 2, 5, 9, 11

**STATE STATUTES**

Cal. Bus & Prof. Code § 16600 ................................................................................. 1, 4

Cal. Bus. & Prof. Code § 16600.5 ................................................................................. 1

Cal. Bus. & Prof. Code § 17200 .................................................................................... 3

**LEGISLATIVE MATERIALS**

Reg. Sess. (Cal. 2023-24) .............................................................................................. 6

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Michael Z. Hermalyn ("Hermalyn"), a California resident, recently commenced employment in Los Angeles, California with Plaintiff FVP, LLC ("Fanatics VIP," and collectively with Mr. Hermalyn, "Plaintiffs"). Contrary to black-letter California law, including recent legislation that specifically precludes the enforcement of restrictive covenants against California residents ***regardless of where or when the contract was signed*** (Cal. Bus. & Prof. Code § 16600.5), Defendant DraftKings, Inc. ("DraftKings"), Mr. Hermalyn's former employer, is insisting that onerous, far-reaching non-compete and non-solicitation agreements preclude his employment by Fanatics VIP.

California's newly-effective laws that amend and expand Section 16600 encourage individuals to move to California and give them the right to sue both: (a) to invalidate restrictive covenants; and (b) to enjoin their former employer from suing outside California to enforce such covenants. As a California resident and employee, Mr. Hermalyn availed himself of this new express protection, together with Fanatics VIP, filing suit yesterday in California state court against DraftKings for declaratory judgment, violation of Section 16600.5, and unfair competition. Mr. Hermalyn also sought on an ex parte basis for a temporary restraining order ("TRO") and order to show cause to enjoin DraftKings from seeking to enforce the illegal restraints on trade, including by any attempt to sue in Massachusetts.

Mere hours before that TRO could be heard today, DraftKings rushed to remove Plaintiffs' case on the sole basis that there is purportedly diversity jurisdiction over Plaintiffs' state-law claims under 28 U.S.C. § 1332(a). But, in its hasty removal, DraftKings got it wrong. Because there is no diversity jurisdiction in this case, the Court must remand it to state court.

Fanatics VIP is a California-formed and headquartered Limited Liability Company, but its sole member is a Nevada corporation. (Decl. of Gregg Winiarski,

¶¶ 5-7.) Nevada is also where DraftKings is incorporated.  ECF No. 1 at 9.  Under controlling law, that means that both DraftKings and Fanatics VIP are citizens of Nevada.  *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business…"); *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[A]n LLC is a citizen of every state of which its owners/members are citizens.").

*Complete* diversity is required for federal court jurisdiction.  28 U.S.C. § 1332; *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) ("[W]e have read the statutory formulation 'between ... citizens of different States' to require complete diversity between all plaintiffs and all defendants.").  Because both Plaintiff Fanatics VIP and Defendant DraftKings are citizens of Nevada, there is not complete diversity between all plaintiffs and all defendants.  Remand of this case back to California Superior Court is required.  28 U.S.C. § 1447(c); *ARCO Env't Remediation, LLC v. Dep't of Health & Env't Quality of Mont.*, 213 F.3d 1108, 1113 (9th Cir. 2000) (when "a case is improperly removed, the federal court must remand the action because it has no subject-matter jurisdiction to decide the case").

## II. STATEMENT OF FACTS

### A. The Nature of Plaintiffs' Claims

From September 2020 to January 2024, Mr. Hermalyn worked for DraftKings.  ECF No. 1-5 (Hermalyn Decl.) ¶ 8.  DraftKings is incorporated in Nevada and headquartered in Massachusetts.  Mr. Hermalyn worked out of DraftKings' New York City office, when he was not working remotely, and lived in New Jersey at the time.  *Id*. ¶ 9.  Although he never resided in Massachusetts, was never employed in Massachusetts, and never worked out of DraftKings' Massachusetts office, DraftKings demanded that Mr. Hermalyn—as a condition of employment and in order to receive a substantial aspect of Mr. Hermalyn's

compensation—execute multiple onerous and unlawful non-competition and non-solicitation agreements. *Id.* ¶¶ 12-14.

On February 1, 2024, Mr. Hermalyn resigned from DraftKings and accepted an offer for employment from Fanatics VIP. *Id.* ¶ 3. Fanatics VIP is a limited liability company formed in California, with headquarters in Los Angeles, California. *Id.* Mr. Hermalyn serves as President of Fanatics VIP and the Head of Fanatics' Los Angeles office. *Id.* Fanatics VIP is a California-based affiliate of the global digital sports platform Fanatics Holdings, Inc.

Mr. Hermalyn moved to California for this opportunity and has been a resident of California since January 29, 2024. *Id.* ¶¶ 2, 5. Since that time, he has (1) leased an apartment in California with the intention of buying a home later this year; (2) taken and passed the California driver's exam, obtaining a California driver's license; (3) purchased a car in California; (4) registered to vote in California; and (5) begun to obtain a physician in California. *Id.* ¶ 2. His wife and children are also joining him in California following the completion of the current academic school year, and they have taken steps to enroll their daughters in schools and camps in Los Angeles for the upcoming summer and school year. *Id.* Mr. Hermalyn's position with Fanatics VIP requires that he live and work in person in Los Angeles. *Id.* ¶ 5.

### B. Procedural History

The morning of February 1, 2024, after Mr. Hermalyn resigned from DraftKings and accepted his offer from Fanatics VIP, he and Fanatics VIP filed a complaint in the Superior Court of Los Angeles, for: (1) declaratory relief that Mr. Hermalyn's noncompetition and nonsolicitation agreements with DraftKings are unlawful; (2) injunctive relief restraining DraftKings from attempting to enforce those clearly unlawful provisions; and (3) a claim under California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, et seq.

The claims in this lawsuit are simple and straightforward under California law. Black-letter California law provides that "*every* contract by which anyone is restrained from engaging in a lawful profession, trade, or business *of any kind* is to that extent *void*." Cal. Bus. & Prof. Code § 16600(a) (emphasis added). California "void[s] the application of any noncompete agreement in an employment context, or any noncompete in an employment contract, no matter how narrowly tailored," *id.* § 16600(b)(1), as the state has a "strong public policy of protecting the right of its citizens to pursue any lawful employment and enterprise of their choice." *AMN Healthcare, Inc. v. Aya Healthcare Servs., Inc.*, 28 Cal. App. 5th 923, 935 (2018). California courts prohibit exactly the kind of non-compete, client non-solicit, and employee non-solicit agreements that DraftKings executed with Mr. Hermalyn. *See, e.g.*, *Edwards v. Arthur Andersen LLP*, 44 Cal. 4th 937, 955 (2008) (voiding non-competition agreement); *AMN Healthcare*, 28 Cal. App. 5th at 936 (voiding employee non-solicitation agreement); *Dowell v. Biosense Webster, Inc.*, 179 Cal. App. 4th 564, 575 (2009) (voiding customer non-solicitation agreement).

In light of the clear entitlement to relief under California law and the immediate risk of DraftKings attempting to unlawfully disrupt Mr. Hermalyn's new employment, Mr. Hermalyn gave DraftKings notice of his intent to seek emergency *ex parte* relief in state court for a temporary restraining order and order to show cause why a preliminary injunction should not issue to restrain any attempt to enforce DraftKings' void contracts and interfere with Mr. Hermalyn's ability to perform his new employment. Mr. Hermalyn provided this notice immediately after resigning the morning of February 1.

In the face of decades of case law and a crystal-clear statute providing that the at-issue contracts are unlawful, DraftKings could have eliminated the dispute in this case by representing that it would not attempt to enforce the unlawful provisions. Instead, lacking any reasonable arguments on the merits to oppose the emergency relief sought, DraftKings removed the case to federal court during the late night

hours of February 1, thereby automatically divesting the state court of jurisdiction mere hours before it was to rule on Mr. Hermalyn's TRO request.

## III. LEGAL STANDARD

### A. Removal and Remand

A defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). However, the Ninth Circuit "strictly construe[s] the removal statue against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.*

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded." 28 U.S.C. § 1447(c) (emphasis added). When "a case is improperly removed, the federal court *must* remand the action because it has no subject-matter jurisdiction to decide the case." *ARCO Env't Remediation*, 213 F.3d at 1113 (emphasis added); *see also Int'l Primate Prot. League v. Admins. of Tulane Educ. Fund*, 500 U.S. 72, 87-88 (1991) ("Since the district court had no original jurisdiction over this case, … a finding that removal was improper deprives that court of subject matter jurisdiction and obliges a remand under the terms of § 1447(c).").

### B. Federal Court Jurisdiction

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A federal district court has original jurisdiction over federal questions, 28 U.S.C. § 1331, and may also hear cases under the diversity jurisdiction granted in 28 U.S.C. § 1332. As relevant here, diversity jurisdiction requires the controversy to exceed the value of $75,000 and be between "citizens of different states." 28 U.S.C. § 1332(a)(1). The Supreme Court has held

that section 1332(a)'s "statutory formulation 'between ... citizens of different States' … require[s] complete diversity between all plaintiffs and all defendants." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005).

## IV. ARGUMENT

Remand is required because there is no basis for federal jurisdiction in this case.

### A. There Is No Jurisdiction Based on Federal Claims

There is no question that this case involves only California law claims. ECF No. 1-3 (state court complaint). Indeed, Plaintiffs' complaint involves *novel* California law claims, based on statutes that took effect just on January 1, 2024. *Id*. The California Legislature and courts have expressly stated that these new statutes, and the related statutory and case law framework of which they are a part, reflect California public policy that is of paramount importance to the state and its citizens and that has been in place for decades. *See, e.g.*, S.B. 699, Reg. Sess. (Cal. 2023-24), §§ 1(c)-(f) ("California's public policy provides that every contract that restrains anyone from engaging in a lawful profession, trade, or business of any kind is, to that extent, void, except under limited statutory exceptions. … This freedom of employment is paramount to competitive business interests. … The California courts have been clear that California's public policy against restraint of trade law trumps other state laws when an employee seeks employment in California, even if the employee had signed the contractual restraint while living outside of California and working for a non-California employer."); *Application Group, Inc. v. Hunter Group, Inc.*, 61 Cal. App. 4th 881, 900-01 (1998) ("California has a strong interest in protecting the freedom of movement of persons whom California-based employers (such as [Plaintiff]) wish to employ to provide services in California, regardless of the person's state of residence or precise degree of involvement in California projects, and we see no reason why these employees' interests should not be 'deemed paramount to the competitive business interests' of out-of-state as well

as in-state employers."). This underscores why it is proper for a California state court to be the forum to interpret and apply these new California statutes in the first instance.

### B. There Is No Jurisdiction Based on Diversity Because DraftKings and Fanatics VIP Are Both Nevada Citizens

DraftKings' *sole* asserted basis for federal jurisdiction is diversity between the parties. ECF No. 1 at 11 (notice of removal). DraftKings cannot meet its burden to prove that there is complete diversity between Plaintiffs Mr. Hermalyn and Fanatics VIP and Defendant DraftKings for two reasons.

*First*, DraftKings' removal is procedurally defective. When a limited liability company, or LLC, is a named party, as is Plaintiff Fanatics VIP, the removing party must include allegations regarding the citizenship of each of the LLC's members. Absent such allegations, its notice of removal is *per se* defective. *See Buschman v. Anesthesia Bus. Consultants LLC*, 42 F. Supp. 3d 1244, 1249 (N.D. Cal. 2014) ("Because the notice of removal contained no allegations regarding the citizenship of each of Defendant's members, it fails to establish that complete diversity between the parties exist and, thus, that this Court had subject matter jurisdiction of this dispute."). The reason for this rule is clear: to properly weigh a removal motion involving any LLC, a federal court "needs to know each member's citizenship, and if necessary each member's members' citizenships." *SD-3C, LLC v. Barun Elecs. Co., Ltd.*, No. 19-cv-01895-LHK, 2019 WL 4411977, at *3 (N.D. Cal. Sept. 16, 2019) (citation omitted).

Here, however, DraftKings' Notice of Removal entirely ignored the citizenship of Fanatics VIP's members. Instead, DraftKings merely alleges Fanatics VIP's place of incorporation and principal place of business without any regard to the citizenship of Fanatics VIP's members. *See* Def.'s Notice of Removal at 9 ("Fanatics VIP is a 'limited liability company formed in California, with headquarters in Los Angeles, California.'"). That is not enough to support its

motion. "This failure alone is enough to support remand." *Wagner v. Spire Vision LLC*, No. 13–00054 YGR, 2013 WL 941383, at *1 (N.D. Cal. Mar. 8, 2013).

***Second***, as a factual matter, DraftKings cannot show the *complete* diversity between the parties required for a federal court to exercise diversity jurisdiction. *Lincoln Prop.*, 546 U.S. at 89 (explaining that "the statutory formulation 'between ... citizens of different States' … require[s] complete diversity between all plaintiffs and all defendants"); *see also Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) ("Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants.").

For purposes of assessing complete diversity of jurisdiction, a corporation "shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The principal place of business is "the place where [the] corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010). In other words, this is "the place where the corporation maintains its headquarters – provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center,' and not simply an office where the corporation holds its board meetings." *Id.* at 93.

A limited liability company is deemed to be a citizen of each and every state where its members are citizens. *See Johnson*, 437 F.3d at 899 ("[A]n LLC is a citizen of every state of which its owners/members are citizens.").

In this case, Defendant DraftKings is undisputedly a citizen of Nevada, where it is incorporated, and Massachusetts, where it has its principal place of business. 28 U.S.C. § 1332(c)(1); ECF No. 1-3 (state court complaint), ECF No. 1 at 9 (notice of removal).

Plaintiff Fanatics VIP is a limited liability company formed in California, with headquarters in Los Angeles, California. (Decl. of Gregg Winiarski, ¶ 5.) FVP

LLC's sole member is FVP, Inc., a Nevada corporation that is based in Los Angeles, California. *Id.* ¶ 7. FVP, Inc. is a Nevada (and California) citizen under section 1332. Under controlling Ninth Circuit law, then, Plaintiff Fanatics VIP is a citizen of both California and Nevada, because its members are citizens of California and Nevada.

Diversity jurisdiction requires *complete* diversity. Because both Plaintiff Fanatics VIP and Defendant DraftKings are citizens of Nevada, there is not complete diversity among the parties and therefore no diversity jurisdiction. *Lincoln Property Co.*, 546 U.S. at 89.

### C. Without a Basis for Jurisdiction, the Court Must Remand

Remand is mandatory in this case because there is no federal jurisdiction. The statute is clear: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded." 28 U.S.C. § 1447(c) (emphasis added). When a court lacks original jurisdiction over a case because there is no federal question or diversity jurisdiction, the case is improperly removed and the federal court *must* remand the action, as it has no subject matter jurisdiction to decide the case. *See, e.g.*, *ARCO Env't Remediation*, 213 F.3d at 1113; *see also Int'l Primate Prot. League*, 500 U.S. at 88-89.

In this case, DraftKings has failed to establish a basis for jurisdiction: There is undisputedly no federal question at issue in the complaint (ECF No. 1-3 (state court complaint)), and the facts set forth above establish that there is not complete diversity between all plaintiffs and defendants. Courts have remanded cases on similar bases where the removing defendant did not establish complete diversity based on citizenship of limited liability company citizenship. *See Mauricio v. Suncrest Health Servs.*, No. 5:22-cv-02698-EJD, 2023 WL 2026530, at *3 (N.D. Cal. Feb. 15, 2023) (remanding action to state court based on lack of diversity between defendant and plaintiff LLC); *SD-3C*, 2019 WL 4411977, at *3 (remanding case to state court because, once LLC's members were considered, the parties were

not diverse); *Wagner,* 2013 WL 941383, at *1 (remanding action to state court because "Defendants have failed to allege adequately the citizenship of all the parties to this action. Limited liability companies, or LLCs, are like partnerships in that they are a citizen of every state where its owners and members are citizens.").

Diversity was the sole basis Defendant invoked for removal. It has failed to meet its burden to prove that removal was proper because the facts establish that there not complete diversity among the parties. The Court must remand because it lacks subject matter jurisdiction.

### D. Mr. Hermalyn Is a California Citizen

In DraftKings' removal papers, it contends that Mr. Hermalyn is not a citizen of California because a DraftKings employee *thinks* Mr. Hermalyn still resides in New Jersey. *See* ECF No. 1at 8 (notice of removal). DraftKings is wrong, but this does not matter for purposes of this Court's lack of jurisdiction. As explained above, and regardless of Mr. Hermalyn's citizenship, there is not complete diversity in this case because both Plaintiff Fanatics VIP and Defendant DraftKings are Nevada citizens, thereby destroying the requirement for complete diversity.

But to ensure the record is clear, Plaintiff Mr. Hermalyn *is* a citizen of California. He is a U.S. citizen and domiciled in California. ECF No. 1-5 (Hermalyn Decl.) ¶ 2. That means that he is a citizen of California for purposes of jurisdiction. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983); *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

The facts related to Mr. Hermalyn's residence were set forth in detail in his complaint and ex parte papers filed in state court. ECF No. 1-3, 1-4. They were supported by a sworn declaration from Mr. Hermalyn. ECF No. 1-5. Specifically, he has already (1) leased an apartment in California with the intention of buying a home later this year; (2) taken and passed the California driver's exam, obtaining a California driver's license; (3) purchased a car in California; (4) registered to vote in California; and (5) begun to obtain a physician in California. *Id.* ¶ 2. His wife and

children are also joining him in California following the completion of the current academic school year, and they have taken steps to enroll their daughters in schools and camps in Los Angeles for the upcoming summer and school year. *Id*. Mr. Hermalyn accepted employment with a California employer, Fanatics VIP, and his position with Fanatics VIP requires that he live and work in person in Los Angeles. *Id*. Mr. Hermalyn is therefore a citizen of California. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001); *Kary v. Combs*, 2017 WL 6888715, at *1 (C.D. Cal., Aug. 28, 2017) (holding that a natural person's declaration and driver's license were dispositive in a dispute regarding that person's state citizenship).

### E. Plaintiffs Are Entitled to Their Reasonable Attorney's Fees and Costs Incurred as a Result of DraftKings' Baseless Removal

28 U.S.C. § 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." As the United States Supreme Court has instructed, "the standard for awarding fees should turn on the reasonableness of the removal" such that "an award of attorneys' fees is appropriate where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). District courts have "wide discretion" in awarding fees, and may do so if the removal was "wrong as a matter of law." *Ansley v. Ameriquest Mortg. Co.*, 340 F.3d 858, 864 (9th Cir. 2003).

Here, there was no "objectively reasonable basis" for DraftKings' removal. Where "the issues presented . . . as a basis for removal jurisdiction are not novel" and the "impropriety of the removal is apparent," an award of attorney's fees and costs is warranted. *Shamoun v. Peerless Importers, Inc.*, No. 03 CV 1227(NG), 2003 WL 21781954, at *4 (E.D.N.Y. Aug. 1, 2003). Accordingly, Plaintiffs respectfully request that the Court exercise its discretion and award their fees and costs incurred as a result of DraftKings' manipulative and baseless removal.

## V. CONCLUSION

For the reasons stated above, there is no federal jurisdiction in this case and the Court must remand it to state court.

DATED: February 2, 2024						Respectfully submitted,

MUNGER, TOLLES & OLSON LLP

By:  /s/ Brad D. Brian
  BRAD D. BRIAN
  BETHANY W. KRISTOVICH
  ANNE K. CONLEY
  *Attorneys for Plaintiff*
  MICHAEL Z. HERMALYN

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By:  /s/ Michael B. Carlinsky
  MICHAEL B. CARLINSKY[3]
  DAVID C. ARMILLEI
  *Attorneys for Plaintiff*
  FVP, LLC

---

[3] Signed electronically by Brad D. Brian with the concurrence of Michael B. Carlinsky, pursuant to L.R. 5-1(i)(3).

**Local Rule 11-6.1 Certificate of Compliance**

The undersigned, counsel of record for Michael Z. Hermalyn, certifies that this brief contains 3,833 words, which complies with the word limit of L.R. 11-6.1.

DATED: February 2, 2024          MUNGER, TOLLES & OLSON LLP

By:  /s/ Brad D. Brian
   BRAD D. BRIAN
   *Attorneys for Plaintiff*
   MICHAEL Z. HERMALYN