UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| Case No. | 2:24-cv-00918-MCS-E 2:24-cv-00997-MCS-E | Date | April 8, 2024 |
|---|---|---|---|
| Title | *Hermalyn v. DraftKings, Inc.* | | |

| Present: The Honorable | Mark C. Scarsi, United States District Judge |
|---|---|

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    (IN CHAMBERS) ORDER RE: MOTIONS FOR FEES (*HERMALYN I*, ECF NO. 16; *HERMALYN II*, ECF NO. 23)**

The Court on its own motion remanded these cases for lack of subject-matter jurisdiction but retained jurisdiction to consider motions to recover fees and costs under 28 U.S.C. § 1447(c). (Remand Order, *Hermalyn I*, ECF No. 16; Remand Order, *Hermalyn II*, ECF No. 19.)[1] Plaintiffs Michael Z. Hermalyn and FVP, LLC, move in both cases for such an award. (Mot., ECF No. 16.) Defendant DraftKings, Inc., opposes the motions, (Opp'n, ECF No. 18), and Plaintiffs filed replies, (Reply, ECF No. 19). The Court deems the motions appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). These costs are discretionary, *Martin v. Franklin Cap. Corp.*, 546

---

[1] The Court refers to the case created on the first removal, No. 2:24-cv-00918-MCS-E, as *Hermalyn I*, and the case created on the second removal, No. 2:24-cv-00997-MCS-E, as *Hermalyn II*. Unspecified citations of the electronic case file refer to the docket entries in *Hermalyn I*.

U.S. 132, 139 (2005), but if an objectively reasonable basis for removing the case exists, a court should deny fees, *Gardner v. UICI*, 508 F.3d 559, 561 (9th Cir. 2007) (citing *Martin*, 546 U.S. at 141).

The Court declines to exercise its discretion to award fees and costs. Though the first removal was suspect, the Court declines to conclude that it was unreasonable. Defendant removed the case invoking the Court's diversity jurisdiction under the theory that FVP, LLC, was a citizen of California based on the state of its formation and principal place of business. (Notice of Removal 9, ECF No. 1.) In the Court's experience, applying the rule governing corporate citizenship, 28 U.S.C. § 1332(c)(1), to limited liability companies to which the rule does not apply, *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006), is an unfortunately common mistake made by attorneys who remove cases to federal court. Plaintiffs did not allege facts probative of FVP's citizenship in their state-court complaint, "which might have been useful in avoiding an improper removal." *Collins Ave. Assocs., LLC v. Turner Constr. Co.*, No. 07-20838-CIV-HOEVELER, 2008 WL 11408486, at *2 (S.D. Fla. Mar. 3, 2008). To be sure, there are indicia that Defendant here sought "to prolong litigation or impose costs" on Plaintiffs, which would support a finding of objective unreasonableness. *Id.* For example, Defendant removed the case hours before the state court was set to hear Plaintiffs' motion for a temporary restraining order, (*see* Smith Decl. Ex. B, ECF No. 1-4), and Defendant cited *Johnson* for its limited liability company–citizenship rule in the notice of removal, (Notice of Removal 9), suggesting Defendant's counsel knew the rule but elected to ignore it. But, given the time pressure under which counsel operated to remove the case before the state-court hearing and the late hour counsel filed the notice of removal, (*see* Notice of Removal (filed at 11:07 p.m.)), the Court will apply Hanlon's razor and decline to assign malice to an improper removal when a failure to recall a rule of civil procedure a first-year law student should know would fit almost as well.

The Court also declines to find that the second removal was unreasonable. The same day the Court remanded *Hermalyn I*, Defendant re-removed the case, invoking diversity jurisdiction and claiming that FVP's citizenship could be ignored in the jurisdictional analysis because FVP was fraudulently joined to the action. Defendant presented facts it purportedly learned after the first removal tending to show that FVP was created for the sole purpose of defeating diversity jurisdiction. (Notice of Removal ¶¶ 20–25, 33–37, *Hermalyn II*, ECF No. 1.) Although Plaintiffs argue that Defendant's second removal was unreasonable because Ninth Circuit courts have not extended the fraudulent joinder doctrine to nondiverse plaintiffs,

(Mot. 11), binding circuit authority does not preclude Defendant from arguing for an extension of the doctrine to plaintiffs, consistent with the decisions of a court in this district, *Overrated Prods. v. Univ. Music Grp.*, No. CV 19-2899-RSWL-RAO, 2019 WL 6729718, at *5–7 (C.D. Cal. July 31, 2019), and of several courts outside this circuit, (*see* Opp'n to Ex Parte Appl. 16 n.5, *Hermalyn II*, ECF No. 10 (collecting cases considering fraudulent joinder as applied to plaintiffs)). *Cf. Apilado v. Bank of Am., N.A.*, No. 19-00285 JAO-KJM, 2019 U.S. Dist. LEXIS 145454, at *17–18 (D. Haw. Aug. 27, 2019) (declining to award fees under § 1447(c) where defendant sought to apply fraudulent joinder doctrine to a purported sham plaintiff, reasoning that "[t]he Ninth Circuit has not adopted the doctrine, but neither has it foreclosed it"). And Defendant presented a colorable theory why FVP's participation in this lawsuit was questionable, (Notice of Removal ¶¶ 35–36, *Hermalyn II*), notwithstanding that Defendant offered no evidence of actual fraud in the pleading of jurisdictional facts, (Remand Order 2–3, *Hermalyn II*, ECF No. 19).

The motions are denied.

**IT IS SO ORDERED.**